MARINE TRAVELIFT, INC., Plaintiff,

v.

ACME MARINE HOIST, INC., and Party
Doll Fleet, Inc., Defendants.

No. 76–C–491.

United States District Court,
E. D. Wisconsin.

Jan. 14, 1977.

Andrus, Sceales, Starke & Sawall by
Glenn O. Starke, Milwaukee, Wis., for plaintiff.

Larry W. Rader, Wausau, Wis., for defendants.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

Marine Travelift, Inc., the plaintiff in this patent infringement action, has filed a motion for summary judgment seeking partial summary judgment on the issue of infringement. One of the defendants, Acme Marine Hoist, Inc., has moved pursuant to Rule 12(b)(3), Federal Rules of Civil Procedure, to dismiss the action against it for lack of venue. I believe that the plaintiff's motion should be denied and that the defendant's motion should be granted.

### VENUE

Proper venue in a patent infringement action is, under 28 U.S.C. § 1400(b), in the judicial district "where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." Acme has submitted an uncontradicted affidavit that it neither resides nor has a regular and established place of business in this district.

The plaintiff contends that Acme has waived its rights to object to this action on venue grounds. This argument is based on Acme's undertaking to assume responsibility for defending the other defendant in this action, Party Doll Fleet, Inc., and the actual management of Party Doll's defense by Acme. As a result of such conduct, the plaintiff submits, the court should treat Acme and Party Doll as one party rather than two. Since Party Doll is subject to venue in this district, the plaintiff concludes that venue is also proper over Acme.

I find the plaintiff's position to be without merit. The mere fact that Acme has contracted to undertake the defense of Party Doll, and that Acme's attorney pre-

pared the answer of both defendants, is irrelevant to the question of venue in this district over Acme pursuant to 28 U.S.C. § 1400(b).

■ The plaintiff's reply brief contains the suggestion that since Acme's appearance in this action was not "special" any objections to venue have been waived. Acme's motion raising the issue of venue was filed before answering, and the plaintiff's suggestion ignores the abolition of any distinction between general and special appearances under the Federal Rules of Civil Procedure. *Shall v. Henry*, 211 F.2d 226 (7th Cir. 1954).

For the above reasons, the defendant Acme's motion to dismiss this action against it for lack of venue will be granted.

## SUMMARY JUDGMENT

The plaintiff Travelift's motion for partial summary judgment on the issue of infringement, like its opposition to Acme's motion to dismiss, is based on the plaintiff's view that Acme's participation in the defense of Party Doll has transformed the two defendants into one party. Based on this assumption, the plaintiff argues that the answer of Party Doll constitutes the answer of Acme, and that Party Doll's failure to deny a paragraph of the complaint alleging infringement by Acme constitutes an admission of infringement on the part of Acme.

■ In view of my rejection of the claimed transformation of the defendants into one entity, the plaintiff's argument is meritless. Party Doll was under no obligation to deny allegations directed to Acme. It did, however, deny allegations of infringement directed to itself; the plaintiff's motion attempts to ignore such denial. Acme was also under no obligation to answer the plaintiff's complaint, since its filing of a motion to dismiss tolled the time for answering, pursuant to Rule 12(a), Federal Rules of Civil Procedure. Nothing on the record before me arguably supports an admission by Acme of infringement.

Accordingly, the plaintiff's motion for summary judgment will be denied.

## CONCLUSION

Therefore, IT IS ORDERED that the motion of the defendant Acme Marine Hoist, Inc., to dismiss this action against it for lack of venue be and hereby is granted.

IT IS ALSO ORDERED that the motion of the plaintiff Marine Travelift, Inc., for summary judgment be and hereby is denied.